IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PATRICIA MONTANINO | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 17-4480 |
| v. | : | |
| SUFFOLK COUNTY BOARD OF ELECTIONS | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this ____ day of _____, 2018, upon consideration of Plaintiff's Counsels' Motion to Withdraw pursuant to Local Civil Rule 1.4 and the N.Y. Rules of Professional Conduct, Rule 1.16(c), it is hereby ORDERED that:

(1) The Petition by the law firm of Karpf, Karpf & Cerutti, P.C. and Adam C. Lease, Esq. [including their local counsel, Steven R. Sundheim & Associates, L.L.C. and Steven R. Sundheim**,** Esq.] to be withdrawn as counsel in this matter is hereby GRANTED; and

(2) All proceedings shall be stayed for 60 days so that Plaintiff has additional time to find new counsel.

_____
, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA MONTANINO | : |
| Plaintiff, | : CIVIL ACTION NO.: 17-4480 |
| v. | : |
| SUFFOLK COUNTY BOARD OF ELECTIONS | : |
| Defendant. | : |

## **PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW**

Plaintiff's undersigned counsel, Karpf, Karpf & Cerutti, P.C. and Adam C. Lease, Esq. [including their local counsel, Steven R. Sundheim & Associates, L.L.C. and Steven R. Sundheim**,** Esq.] (hereinafter referred to collectively as "Petitioner") respectfully request that this Court grant Petitioner's Motion to Withdraw for the reasons set forth in Petitioner's Memorandum, attached hereto and incorporated herein by reference. In accordance with Local Civil Rule 1.4, Petitioner is not asserting any retaining or charging lien; and this application is being served on Plaintiff via U.S. mail and e-mail.

        Respectfully submitted,

        **KARPF, KARPF & CERUTTI, P.C.**

        */s/   Adam C. Lease*
        Adam C. Lease
        3331 Street Road
        Two Greenwood Square
        Suite 128
        Bensalem, PA 19020
        (215) 639-0801 Phone
        (215) 639-4970 Fax

Dated:  May 15, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA MONTANINO | : |
| Plaintiff, | : CIVIL ACTION NO.: 17-4480 |
| v. | : |
| SUFFOLK COUNTY BOARD OF ELECTIONS | : |
| Defendant. | : |

**PETITIONER'S MEMORANDUM IN SUPPORT OF**
**MOTION TO WITHDRAW AS COUNSEL**

Karpf, Karpf & Cerutti, P.C. and Adam C. Lease, Esq. [including their local counsel, Steven R. Sundheim & Associates, L.L.C. and Steven R. Sundheim**,** Esq.] (hereinafter, collectively, "Petitioner"), hereby respectfully move this Honorable Court to permit them to withdraw as counsel for Plaintiff in the above-captioned matter, and in support thereof, state as follows:

### I. *Factual Basis Underlying Motion to Withdraw*

1. The above-captioned matter was initiated in this Court for violations of: Title VII of the Civil Rights Act of 1964; the Americans with Disabilities Act; and the New York State Human Rights Law.

2. The posture of the case is as follows: Plaintiff commenced this action on July 31, 2017. The Parties have completed depositions. The Parties have exchanged, but have not completed, paper discovery. The current discovery deadline is June 25, 2018 and the deadline for submission of the pretrial Order is August 28, 2018. No trial date has been set and this matter is not on the trial calendar.

3. Petitioner is unable to litigate this case any further as a result of irreconcilable differences with Plaintiff and a breakdown of the attorney-client relationship. Accordingly, withdrawal should be permitted under Rules of Professional Conduct ("Rules"), 1.16(c)(4) and 1.16(c)(12), as Petitioner and Plaintiff have irreconcilable disagreements; and good cause exists for withdrawal. Finally, pursuant to Rule 1.16(c)(1), withdrawal can be accomplished without material adverse effect on Plaintiff.

## II. *Legal Basis Underlying Motion to Withdraw as Counsel*

4. In *Ritchie v. Gano,* 2008 WL 4178152, at *3 (S.D.N.Y. 2008) the Court noted that:

> New York's Code of Professional Responsibility (the "Code") establishes appropriate guidelines for the professional conduct of attorneys in the United States District Courts in this state. *See NCK Organization,* 542 F.2d at 129 n. 2; *Arifi v. de Transport du Cocher, Inc.,* 290 F.Supp.2d 344, 348 (E.D.N.Y. 2003); *Sumitomo Corp. v. J.P. Morgan & Co.,* No. 99 Civ. 8780, No. 99 Civ. 4004, 2000 WL 145747, at *2 (S.D.N.Y. Feb. 8, 2000); *Paramount Communications,* 858 F.Supp. at 394 ("The Code is recognized in this Circuit as prescribing appropriate guidelines for the professional conduct of the bar."); Local Civil Rule 1.5(b)(5).

*Id.* at *3.

5. Petitioner seeks to withdraw from representation of Plaintiff based upon Rules 1.16(c)(1), 1.16(c)(4) and 1.16(c)(12).

6. It is well settled that a fundamental disagreement between attorney and client is sufficient grounds for withdrawal. *See Terry v. Incorporated Village of Patchogue,* 2007 WL 2071557, at *4 (E.D.N.Y. 2007) (granting motion to withdraw where counsel and client had fundamental disputes as to litigation strategy); *U.S. v. Lawrence Aviation Industries,* 2011 WL 601415, at *2 (E.D.N.Y. 2011) (granting motion to withdraw where there were "irreconcilable differences between counsel and client….."); *Winters v. Rise Steel Erection Corp.,* 231 A.D.2d 626, 626, 647 N.Y.S.2d 962, 962-63 (2nd Dept. 1996) (citations omitted) ("[a]n attorney may

4

withdraw from representing a client for good and sufficient cause. This includes irreconcilable differences between the attorney and the client with respect to the proper course to be pursued in litigation.").

7. As the undersigned and Plaintiff have "irreconcilable differences … with respect to the proper course to be pursued in [this] litigation", it is respectfully submitted that the instant motion should be granted. *See also Hallmark Capital Corp. v. Red Rose Collection, Inc.,* 1997 WL 661146, at *1 (S.D.N.Y. 1997) ("Since it is undisputed that plaintiff and her counsel have irreconcilable differences, withdrawal is appropriate…."); *Dowler v. Cunard Line Ltd.,* 1996 WL 363167, at *1 (S.D.N.Y. 1996) (citations omitted) ("[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease his representation of his client."); *Vaughn v. American Telephone and Telegraph Corp.,* 1998 WL 760230, at *1 (S.D.N.Y. 1998) ("Irreconcilable differences between counsel and client are a proper basis for withdrawal."); *Nielsen v. New York City Dept. of Educ.,* 2007 WL 1987792, at *1 (E.D.N.Y. 2007) (citations omitted) ("[I]rreconcilable differences between the attorney and the client are sufficient to warrant a withdrawal.").

8. Moreover, there is "good cause" to withdraw pursuant to Rule 1.16(c)(12). *See Quinones v. Police Dept. of City of New York,* 2012 WL 2148171, at *7 (S.D.N.Y. 2012) (irreconcilable differences between attorney and client constitutes sufficient "good cause" to withdraw); *Misek-Falkoff v. Metropolitan Transit Authority,* 65 A.D.3d 576, 577 (2nd Dept. 2009) (finding "good cause" for withdrawal, where "the facts demonstrated irreconcilable differences between the plaintiffs and their counsel regarding the proper course to be pursued in the litigation.").

9. It is well established that the foregoing reasons are proper bases for withdrawal of representation. Moreover, pursuant to Rule 1.16(c)(1), withdrawal can be accomplished without material adverse effect on Plaintiff. As noted *supra,* there is still over one month remaining in discovery and no trial date has been set. A stay of 60 days to locate new counsel will further protect the Plaintiff's interests.

10. In accordance with Local Civil Rule 1.4, Petitioner is not asserting any retaining or charging lien; and this application is being served on Plaintiff via U.S. mail and e-mail.

**WHEREFORE**, based on the foregoing Motion and attached Memorandum of Law, Petitioner respectfully requests that this Honorable Court permit them to withdraw as counsel.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/   Adam C. Lease*
Adam C. Lease
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801 Phone
(215) 639-4970 Fax

Dated: May 15, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA MONTANINO | : |
| | : |
| Plaintiff, | :  CIVIL ACTION NO.: 17-4480 |
| | : |
| v. | : |
| | : |
| SUFFOLK COUNTY BOARD OF ELECTIONS | : |
| | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of Plaintiff's Counsel's Motion to Withdraw, to Defendant's counsel below via electronic filing *and by U.S. mail and e-mail to Plaintiff, Patricia Montanino*.

Leonard Kapsalis, Esq.
Suffolk County Attorney's Office
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY 11788
*Attorneys for Defendant*

- and -

PATRICIA MONTANINO
28 Campbell Lane
East Islip, NY 11730

*/s/   Adam C. Lease*
Adam C. Lease

Date:  May 15, 2018